
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 19 2006 ★
TIME A.M. P.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

      - against -                                    05 CR 0419 (S-2) (SJ)

NIGEL BROWN,
      *also known as* "Brandon Shaw,"
      "Tim," and "Timmon," and

KENRICK CAESAR,

                Defendants.
----------------------------------X
APPEARANCES:

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney's Office
1 Pierrepont Plaza
Brooklyn, NY 11201
By:    Roger Anson Burlingame, Esq.
        Adam Michael Abensohn, Esq.
Attorneys for the United States

SARITA KEDIA, ESQ.
275 Madison Avenue
35th Floor
New York, NY 10016
Attorney for Defendant Brown

RUBINSTEIN & COROZZO LLP
260 Madison Avenue
New York, NY 10016
By:    Joseph R. Corozzo, Jr., Esq.
Attorney for Defendant Caesar

JOHNSON, Senior District Judge:

1

Presently before the Court are motions by defendant Nigel Brown ("Brown") to suppress (1) post-arrest statements, on the ground that they were obtained in violation of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), (2) a post-arrest identification of him by the government's cooperating witness, Robert Caruth ("Caruth"), and (3) partially inaudible tape recordings of alleged conversations between Brown and Caruth. Also before the Court is a motion by defendant Kenrick Caesar ("Caesar") to suppress physical evidence seized from his person, namely, his cellular phone, as well as any statements Caesar allegedly made following his arrest, on the ground that he was arrested without probable cause.

On October 26, 2005, this Court referred the motions made by Brown and Caesar (collectively, "Defendants") to Magistrate Judge Kiyo A. Matsumoto for a report and recommendation. Magistrate Judge Matsumoto conducted a hearing on these motions on December 7-8, 2005. On the basis of the hearing, as well as on the basis of a number of pre- and post-hearing filings by the parties, Magistrate Judge Matsumoto issued a Report and Recommendation (the "Report") on January 5, 2006, recommending that the Defendants' motions be denied. For the reasons stated herein, this Court affirms and adopts Magistrate Judge Matsumoto's Report in its entirety.

A district court judge may designate a magistrate judge to hear and determine certain pre-trial motions pending before the court and to submit to the court proposed findings of fact and recommendations as to the disposition of the motion. <u>See</u> 28

2

U.S.C. § 636(b)(1). Within 10 days of service of the recommendation, any party may file written objections to the magistrate's report. Id. Upon *de novo* review of those portions of the record to which objections are made, the district court may accept, reject, or modify the recommendations made by the magistrate. Id.

The court, however, is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal the magistrate judge's decision. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989). While the level of scrutiny entailed by the court's review of the report depends on whether or not objections have been filed, in either case the court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations. See Wood v. Schweiker, 537 F. Supp. 660, 661 (D.S.C. 1982).

On January 10, 2006, the Court received a letter from Brown in which he objected to a number of Magistrate Judge Matsumoto's findings of fact and conclusions of law. The government responded to Brown's letter on January 12, 2006.[1]

---

[1] Caesar did not file any objections, either within the allotted 10-day time period or otherwise. Regardless, the Court still examined the issues initially raised by Caesar as part of its review of the Report.

3

Having reviewed the documents relevant to deciding these motions, including Defendants' submissions to Magistrate Judge Matsumoto and this Court, as well the hearing transcript and Magistrate Judge Matsumoto's Report, and in light of the fact that Brown has not raised any new arguments that would convince this Court to reject Magistrate Judge Matsumoto's recommendation, this Court affirms and adopts the Report in its entirety.[2]

Therefore, Defendants' above-mentioned motions to suppress are DENIED.

SO ORDERED.

Dated: January 17, 2006
Brooklyn, NY

s/SJ
Senior U.S.D.J.

---

[2] The Court thanks Magistrate Matsumoto and her law clerk for the thorough Report.

4